UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00573-WYD

DOMONIC MEYERS-SCHREINER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees under Equal Access to Justice Act (EAJA), 28 U.S.C .§ 2412, filed May 5 2009.  The motion requests fees in the total amount of $8.950.19 for 47.75 hours of attorney time and 9.3 hours of paralegal time.  The hourly rate for counsel was $175.58 in 2008 and $177.52 in 2009, and the paralegal hourly rate was $60.00.  Plaintiff attaches documentation to her motion that supports the fees.

The EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  Defendant opposes the motion only as to the reasonableness of fees, arguing that the fees are excessive.  Issues of prevailing party status, substantial justification and the hourly rates sought in the motion are not disputed by the Commissioner.

More specifically as to the reasonableness of the fees, Defendant argues that the fees should be reduced to 37 hours of attorney time, as this reflects a more accurate amount of time generally spent representing social security claimants in cases such as this one where the issues were not complex and neither oral argument or a reply brief was required. Defendant further asserts that Plaintiff's attorney billed 34.75 hours for preparing an opening brief, and that this should be reduced to no more than 24.0 hours.

Turning to my analysis, I must determine whether the hours spent representing the Plaintiff were "reasonably expended." *See Blum v. Stenson*, 465 U.S. 886, 901 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); see also 28 U.S.C. § 2412(d)(2)(A). "A district court should approach this reasonableness inquiry 'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) *Id.* (quoting *Ramos v. Lamm*, 713 F.2d 545, 555 (10th Cir. 1983)). In making this determination, the court should "examine hours allotted to specific tasks." *Ramos*, 713 F.2d at 554.

In the case at hand, I find that the hours incurred by counsel were reasonably expended. While Defendant argues that counsel spent 34.75 hours preparing the opening brief, this does not tell the whole picture. Some of this time was spent finalizing the complaint and reviewing the extensive administrative record in this case. I find that while the time incurred in preparing the opening brief certainly exceeds the average amount of time spent in social security cases, this case was more complex than normal and involved a voluminous 700 page record. Because of this, extensive analysis was

involved, as shown by the fact that both the opening brief and the Court's Order in this case were very lengthy.  Accordingly, I find that the time incurred in this case, including the time incurred in connection with the opening brief, was reasonably expended.  It is therefore

ORDERED that Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C .§ 2412 is **GRANTED**.  Plaintiff is awarded fees in the amount of $8,950.19 pursuant to the Equal Access to Justice Act.

Dated:  May 26, 2009

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge